IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARY THOMAS                                                               PLAINTIFF

v.                              No. 5:18-cv-261-DPM

ARKANSAS DEPARTMENT OF
CORRECTION                                                                DEFENDANT

## ORDER

Mary Thomas had a two-decade career at the Arkansas Department of Correction. She started as a guard at Cummins and retired as a lieutenant in the construction unit, which works at ADC facilities around the state. Thomas transferred into that unit as a sergeant. She was there her last seven years. Jeffrey Smith was a peer. He, too, was a sergeant and then a lieutenant in the construction unit. Smith was paid more than Thomas for doing the same work in both jobs. Smith had a CDL license. Before becoming a sergeant, he was in a correctional officer CDL position with the construction unit, which required the license and involved driving big trucks. Smith was earning more in that position than Thomas was earning as a sergeant outside the construction unit before she transferred in. In plain words, Smith started as a construction sergeant at a higher number. As he and Thomas moved up, this salary gap continued. And when lieutenant

Thomas retired, she was making less than lieutenant Smith. He never needed or used his CDL license after he became a construction sergeant. Thomas estimates that Smith made approximately $50,000 more than she did across the seven-year period. When Thomas asked about the disparity, ADC folks first told her to mind her own business and then that the difference was driven by ADC's salary structure.

This record as a whole presents no issue for a jury under either the Equal Pay Act or Title VII. *Tenkku v. Normandy Bank*, 348 F.3d 737, 740-42 (8th Cir. 2003). The striking, and undisputed, identity of jobs and disparity in pay make a *prima facie* case. *Price v. Northern States Power Co.*, 664 F.3d 1186, 1192-93 (8th Cir. 2011). But the cause of the disparity is likewise undisputed: the ADC's rather complicated pay structure, which was in place until 2017, and which involved tiers, and percentage pay increases based on promotions and transfers. *Doc. 28 at 2, 7 & 16*. Thomas does not focus on ADC's shift to a performance-based system for the last two years of her employment. Thomas says, and the Court accepts, that she performed better than Smith. He continued to be paid more. It's agreed that the corrections officer CDL slot was open to all applicants, male or female, when Smith got it and again when he left it. The ADC's explanation for the pay difference has not changed. It is further agreed that, based on the workings of the salary structure, Thomas earned more as a construction lieutenant than did two of her male predecessors on that job.

A jury could come out only on one way on this record: the ADC has carried its statutory burden of proving "that the pay differential was based on a factor other than sex." *Price*, 664 F.3d at 1191 (quotation omitted); 29 U.S.C. § 206(d)(1). Thomas's Title VII claim fails for the same reasons. *Price*, 664 F.3d at 1191.

The motion for summary judgment, *Doc. 19*, is granted.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 July 2020